# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| MARIAN OLSON and CODY SMITH,<br><br>Plaintiffs,<br><br>vs.<br><br>CACHE COUNTY,<br><br>Defendant. | ORDER<br><br>Case No. 1:09-CV-00049 (TC) |

The First Judicial District Court of Cache County issued a protective order restricting Bradley Olson from making contact with his ex-wife, Plaintiff Marian Olson, her son Cody Smith, also a Plaintiff, and others in their family. In this civil rights action, Ms. Olson and Mr. Smith allege that Mr. Olson violated the terms of the protective order, but that Mr. Olson was never arrested or prosecuted for his violations. Ms. Olson and Mr. Smith claim that by not enforcing the protective order, Defendant Cache County violated their rights to substantive and procedural due process and equal protection.

**PROCEDURAL HISTORY**

Plaintiffs have filed a First Amended Complaint asserting four causes of action against Cache County: Violation of Substantive Due Process (Count 1), Violation of Procedural Due Process (Count 2), Equal Protection of the Laws (Count 3), and Violation of 42 U.S.C. § 1983 (Count 4). Cache County filed a motion for judgment on the pleadings or for summary judgment. Plaintiffs filed an opposition to Cache County's motion and asked leave under Federal

Rule of Civil Procedure 56(f) for time to conduct additional discovery. The court granted Plaintiffs' motion, allowing them to continue discovery and to file an amended memorandum in opposition to Cache County's motion. Cache County then filed an amended reply brief.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## ANALYSIS

Plaintiffs make a number of arguments in support of their contention that their constitutional rights were violated when the police did not arrest Mr. Olson. First, they argue that the policy of Cache County is that "[d]eputies investigating these types of claims in Cache County shall arrest any person who is believed to have violated a protective order." (Mem. Opp., Dkt. #46 at 14, emphasis in original.) Plaintiffs contend that despite the mandatory policy, a Deputy Cache County Attorney acting at the direction of the Cache County Attorney, George Daines, intervened and instructed the officer not to enforce the protective order or arrest Mr. Olson. In support of their argument, they have submitted the affidavits of Ms. Olson and Steven Mecham, Chief of the Department of Public Safety at Utah State University. Cache County has filed a motion to strike both affidavits. Plaintiffs also contend that they have a valid Equal Protection claim. They rely on the decision in Moore v. City of Chicago Heights, 2010 WL 148623 (N.D. Ill. 2010), and again claim that as a result of Mr. Daines' intervention, they were

discriminated against.

But Plaintiffs have failed to produce admissible evidence of any intervention or discrimination by Mr. Daines, or any other evidence of an Equal Protection violation. Moreover, under Supreme Court law, Plaintiffs cannot bring a Due Process claim.

**Equal Protection**

In his affidavit, Chief Mecham testified that Deputy Jared Keller of the Cache County Sheriff's Office "was planning a stakeout targeted at arresting Bradley Olson because of what [he] was told to be a violation of his protective order." (Mech. Aff. ¶6 Ex. I to Mem. Opp. Dkt. # 46.) According to Chief Mecham, a few hours later Deputy Keller told him that "Deputy County Attorney Bruce Ward had called off the arrest." (Id. at ¶ 10.) The County argues that this statement (and others in the affidavit) are not admissible for several reasons, including hearsay. But arguably what Deputy Keller stated is admissible as a statement made by an agent of the Defendant Cache County as is the alleged statement of Mr. Ward. But even if admitted, Chief Mecham's affidavit does not establish discrimination against the Plaintiffs. All it tends to show is that for some unspecified reason, a Deputy County Attorney told Deputy Keller not to arrest Mr. Olson.

Plaintiffs rely on the affidavit of Ms. Olson to establish a discriminatory motive for the failure to arrest Mr. Olson. In her affidavit, Ms. Olson repeats the allegation made by Chief Mecham that Deputy Keller said that the County Attorney ordered that no arrest be made. She also claims: "The Cache County Attorney at the time was George Daines who is also the owner of Cache Valley Bank. I believe that the entire Cache County Attorney's office had a conflict of interest relating to any issue dealing with me because Cache Valley Bank was suing me for

money loaned to Bradley Olson on a personal guarantee relating to B&B Drywall, Inc." (Olson Aff., ¶19, Ex. A to Mem. Opp., Dkt. #46). Ms. Olson's statement is inadmissible because it is conclusory and speculative. Other than her statement and the unauthenticated pleadings of a lawsuit, "Cache Valley Bank v. B&B Drywall, Inc., Bradley Olson and Marian Olson," Ex. J to id.), Ms. Olson has presented no admissible evidence that: 1. Mr. Daines was involved in the decision to not arrest Mr. Olson; 2. Mr. Daines is, in fact, the owner of Cache Valley Bank; or 3. Mr. Daines has any animus towards Ms. Olson.

Plaintiffs' reliance on Moore v. City of Chicago Heights, 2010 WL 148623 (N.D.Ill.) is misplaced. Phyllis Moore, the administrator of the estate of Teresa Iacovetti, filed an action against several municipalities and law enforcement officers contending that the defendants had violated Ms. Iacovetti's equal protection rights by failing to revoke her ex-significant other's parole after he had violated an emergency protective order. The defendants in Moore moved to dismiss the complaint but the court denied the motion, noting that the complaint alleged that the defendants engaged in a policy, pattern and practice of treating domestic abuse reports from women with less priority than they treated reports of other crimes. 2010 WL 148623 at *4.

Here, despite the court's granting Plaintiffs' motion under Federal Rule of Civil Procedure 56(f) to allow them time to obtain evidence of a discriminatory policy on the part of Cache County, Plaintiffs have produced no such evidence and the court dismisses their Equal Protection claim.

**Due Process**

In Town of Castle Rock v. Gonzales, the Supreme Court held that a wife who brought a civil rights action against the municipality and certain police officers did not have a property

interest in police enforcing a restraining order against her husband and therefore had not alleged a Due Process Clause violation, either substantive or procedural. 545 U.S. 748, 768 (2005). Significantly, the Court declined to find a property right in the enforcement of a restraining order in part because of "[t]he deep-rooted nature of law-enforcement discretion, even in the presence of seemingly mandatory legislative commands." Id. at 761. Moreover, the Court noted that "[e]ven if the statute could be said to have made enforcement of restraining orders 'mandatory' because of the domestic-violence context of the underlying statute, that would not necessarily mean that state law gave respondent an entitlement to enforcement of the mandate. Making the actions of government employees obligatory can serve various legitimate ends other than the conferral of a benefit on a specific class of people." Id. at 764-765 (emphasis in original).

Based on this clear Supreme Court precedent, the court dismisses Plaintiffs' Due Process claims.

For the above reasons, Defendant's Motion for Summary Judgment (Dkt. # 19) is GRANTED; Defendant's Motion to Strike the Affidavit of Marian Olson (Dkt. # 34) is GRANTED IN PART AND DENIED IN PART; and Defendant's Motion to Strike the Affidavit of Steven Mecham (Dkt. # 48) is DENIED AS MOOT.

SO ORDERED this 17th day of August, 2010.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge